IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CHERYL EDGELL

Criminal No. 21-499

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Brian W. Castello, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| Count | Offense | Title/Section |
|---|---|---|
| One | Theft of mail matter by officer or employee | 18 U.S.C. § 1709 |

On or about April 14, 2021

### II. ELEMENTS OF THE OFFENSE

**As to Count One:**

In order for the crime of Theft of Mail Matter by Officer or Employee, in violation of 18 U.S.C. § 1709, to be established, the Government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant was an employee of the United States Postal Service.

   *United States v. Hoobler*, 585 F.2d 176 (6th Cir. 1978);
   *United States v. Rupert*, 510 F. Supp. 821 (M.D. Pa. 1981);
   *United States v. Rush*, 551 F. Supp. 148 (S.D. Iowa 1982);
   2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 49.04 (1989).

1

    2.    That at the time the defendant was a United States Postal Service employee, the letter/package/bag referred to in the Indictment came into her possession.

> *United States v. Anderson*, 850 F.2d 563 (9th Cir. 1988);
> *United States v. Dollard*, 780 F.2d 1118 (4th Cir. 1985);
> *United States v. Holley*, 463 F.2d 634 (5th Cir. 1972); *Kelley v. United States*, 166 F.2d 343 (9th Cir. 1948); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 49.04 (1989).

    3.    The letter/package/bag referred to in the Indictment was intended to be sent through the United States mails.

> *United States v. Dollard*, 780 F.2d 1118 (4th Cir. 1985);
> *United States v. Rodriguez*, 613 F.2d 28 (2d Cir. 1980);
> *United States v. Hergenrader*, 529 F.2d 83 (8th Cir. 1976);
> *United States v. Rupert*, 510 F. Supp. 821 (M.D. Pa. 1981);
> 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 49.04 (1989).

    4.    The defendant intentionally took the letter/package/bag, or the contents of the letter/package/bag, for her own use, knowing that it belonged to someone else.

> *United States v. Dollard*, 780 F.2d 1118 (4th Cir. 1985);
> *United States v. First*, 600 F.2d 170 (8th Cir. 1979); *United States v. Willis*, 515 F.2d 798 (7th Cir. 1975); *United States v. Rush*, 551 F. Supp. 148 (S.D. Iowa 1982); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 49.04 (1989).

### III.  PENALTIES

**As to Count One (Theft of Mail Matter by Officer or Employee (18 U.S.C. § 1709)):**

    1.    A term of imprisonment of not more than five (5) years (18 U.S.C. § 1709).

    2.    A fine not more than the greater of:

        a.    $250,000 (18 U.S.C. § 3571(b)(3)); or

   b. An amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted (18 U.S.C. § 3013).

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Forfeiture is not applicable in this case.

         Respectfully Submitted,

         CINDY K. CHUNG
         United States Attorney

         /s/ Brian W. Castello
         Brian W. Castello
         Assistant United States Attorney
         PA ID 318609